# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JONATHAN ANDERSON,

          Plaintiff,

    -vs-                                                Case No.   06-C-1099

MATTHEW FRANK, WARDEN PHIL KINGSTON,
CAPTAIN MURASKI, MIKE THURMER,
THERESA MURPHY, RICK RAEMISCH,
JOHN RAY, and SGT. LEHMAN,

          Defendants.

## ORDER

        Plaintiff Jonathan Anderson, a Wisconsin state prisoner, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

        The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist,

collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $7.67.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

2

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights

3

complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff is incarcerated at Waupun Correctional Institution (WCI). The defendants are: Wisconsin Department of Corrections Secretary Matthew Frank; WCI Warden Phil Kingston; Security Captain Muraski; Inmate Complaint Examiners Mike Thurmer and Theresa Murphy; Rick Raemisch; Corrections Complaint Examiner John Ray; and Sgt. Lehman.

The plaintiff alleges that defendant Muraski withheld delivery of four letters addressed to him from World Church of the Creator/Creativity Prison Ministries because delivery of the letters "would violate the laws of Wisconsin, the United States or the Administrative Rules of the Department of Corrections." (Compl., Ex. 1.) Upon request of the plaintiff, prison officials held the contraband letters for thirty days while he pursued administrative remedies. On August 4, 2006, the plaintiff received a memorandum from defendant Muraski stating in part:

> Your literature was denied because it violates 309.05 Publications and 309 IMP 6. Specifically page 13 under the subheading of Inmate Religious Property: "Literature that advocates racial or ethnic supremacy or purity, or that attacks a racial, religious or ethnic group, promotes hate crimes, jeopardizes that security and order of the institution, violates federal or state laws or Department administrative rules, policies and procedures will not be permitted.

(Compl., Ex. 5.) The plaintiff's inmate grievances concerning the withholding and confiscation of the four letters were dismissed without investigation.

4

The plaintiff claims that defendant Muraski's denial of his letters violated his rights to free speech and freedom of religion under the First Amendment. The plaintiff also claims that defendant Lehman violated his right to due process by holding the contraband for thirty days which only allowed the plaintiff to complete the first step in the administrative grievance process. The plaintiff asserts that defendants Thurmer and Murphy "violated plaintiff's first amendment protection founded on a biased opinion by lack of proper investigation tactics by only referring to contrabanded materials and not policies specifically equaling a U.S.C.A. 14 violation [sic]. (Compl. ¶ 28.) The plaintiff further asserts that defendants Raemisch and Ray failed to investigate the incident or view the contraband materials in violation of the Fourteenth Amendment. Lastly, the plaintiff claims that defendants Frank and Kingston violated his rights under the First and Fourteenth Amendments by holding power of authority over subordinate defendants. The plaintiff seeks injunctive and monetary relief.

Inmates retain a First Amendment right to receive information through the mail, *see Beard v. Banks*, 126 S. Ct. 2572, 2576-79 (2006), but it is a right that can be restricted by prison regulations that are "reasonably related to legitimate penological interests," *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004). Although the ultimate burden of persuasion with regard to the unreasonableness of a regulation resides with the inmate, *see Overton v. Bazzetta*, 539 U.S. 126, 132 (2003), the defendant administrators must "put forward" the legitimate governmental interest alleged

5

Case 2:06-cv-01099-RTR   Filed 01/04/07   Page 5 of 9   Document 6

to justify the regulation, *Turner*, 482 U.S. at 89, and "'demonstrate' that the policy drafters could rationally have seen a connection between the policy and [that interest]," *Wolf v. Ashcroft*, 297 F.3d 305, 308 (3d Cir. 2002) (internal quotations and citation omitted).

The First Amendment also prohibits prison regulations that burden an inmate's right to freely exercise the religion of their choosing unless the regulation is reasonably related to the prison's legitimate penological interests. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Based on the foregoing, the plaintiff may proceed on his claims under the First Amendment.

To establish a claim against the defendant administrative officials for denying his grievances, the plaintiff will have to show that they were personally responsible for the alleged constitutional deprivations. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). However, a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause. *Id.* at 1432. Thus, the plaintiff may proceed against the remaining defendants on his First Amendment claims at this stage, but not on a Fourteenth Amendment claim.

## ADDITIONAL MATTERS

On November 20, 2006, the plaintiff filed a motion for temporary restraining order seeking a safe environment. He asserts that since having filed this lawsuit, he has on numerous occasions discovered pieces of plastic and other foreign objects in his food. In addition, the plaintiff states that "[m]ost recently plaintiff was issued a conduct report by

6

defendant Muraski on speculation and discussing Matt Hale's involvement to the religion of "Creativity Prison Ministries" which is the substance of plaintiff's civil action." (Pl.'s Mot. at 2.) The plaintiff states that he is having psychological tremors derived from the defendants' unlawful acts either personally or through accomplices and the only way to avoid the inevitable physical torture is for the court to grant his motion.

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The court also must consider the effect of the injunction on nonparties. *Id.*

The plaintiff has failed to establish that he lacks an adequate remedy at law. Moreover, at this early stage of the proceeding, he has not demonstrated any likelihood of success on the merits. Therefore, the plaintiff's motion for a temporary restraining order will be denied.

The plaintiff has also filed Motion for Courts to Supply Defendants with Complaints and Serve. However, this Order screens the complaint and also directs the United States Marshal to effect service on the defendants. See Fed. R. Civ. P. 4(c)(2) (the

7

Marshals Service is required to serve process on behalf of individuals proceeding *in forma pauperis*). Thus, the plaintiff's motion will be denied as moot.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order (Docket #4) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket #5) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $342.33 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The

payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**