# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JONATHAN ANDERSON,

        Plaintiff,

-vs-                          Case No.   06-C-1099

MATHEW FRANK, WARDEN PHIL KINGSTON,
CAPTAIN MURASKI, MIKE THURMER,
THERESA MURPHY, RICK RAEMISCH,
JOHN RAY, SGT LEHMAN, and STEVEN SCHUELER,

        Defendants.

# ORDER

Plaintiff Jonathan Anderson, who currently resides at the Milwaukee County Jail, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On January 4, 2007, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* on First Amendment freedom of speech and free exercise of religion claims. The claims are based on allegations that, while incarcerated at the Waupun Correctional Institution, four letters addressed to the plaintiff from World Church of the Creator/Creativity Prison Ministries were withheld as contraband. The plaintiff has filed a motion to amend the complaint. In addition, the defendants have filed a Suggestion of Death as to defendant John Ray. Both of these matters will be addressed herein.

## MOTION TO AMEND THE COMPLAINT

The plaintiff seeks leave to file an amended complaint to add a defendant and to address two new legal claims. He asserts that since the filing of the original complaint, proposed defendant Steven Schueler has committed a constitutional violation resembling that of the original defendants. *See* Proposed Amended Complaint ¶ 21. In addition, the plaintiff seeks to add claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, and the equal protection clause of the Fourteenth Amendment. *See id.* ¶ 37.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The proposed amended complaint comes at a relatively early stage of this litigation and the additional claims are related to the claims contained in the original complaint. Moreover, allowing the amendment will not unduly prejudice the defendants. Thus, the plaintiff's motion to amend will be granted. The proposed amended complaint will

2

be the operative complaint in this action and the United States Marshal will be ordered to serve the new defendant, Steven Schueler.

## SUGGESTION OF DEATH

On March 12, 2007, the defendants filed a Suggestion of Death as to defendant John Ray. The Federal Rules of Civil Procedure provide that a motion for substitution of party must be made within 90 days of suggestions of death on the record. *See* Fed. R. Civ. P. 25(a).[1] The plaintiff is hereby informed that he has until **July 10, 2007**, to file a motion for substitution of defendant Ray. If the plaintiff fails to file a motion for substitution on or before **July 10, 2007**, defendant Ray will be dismissed from this action.

## DEFENDANTS' MOTION TO DISMISS

On March 12, 2007, the defendants filed a motion to dismiss this action as to defendants Frank and Kingston. Pursuant to this district's Local Rules, the plaintiff should have filed a response on or before **April 3, 2007**. Civil L.R. 7.1(b) (E.D. Wis.). No response has been filed. The plaintiff will be provided additional time until **May 18, 2007,** to respond

---

[1] Federal Rule of Civil Procedure 25 provides in relevant part:

> If a party dies, and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution s made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1).

3

to the defendants' motion to dismiss. If he does not file a response within that time frame, the defendants' motion will be decided unopposed.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend the complaint (Docket #7) is **GRANTED**. The proposed amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the United States Marshal effect service upon defendant Steven Schueler pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the plaintiff may file a motion for substitution of defendant Ray on or before **July 10, 2007**.

**IT IS FURTHER ORDERED** that the plaintiff shall file a response to the defendants' motion to dismiss on or before **May 18, 2007**.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**